UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| DIANE HENDERSON MITCHELL | )     Case No. 06-11394-SSM |
| | )     Chapter 13 |
| Debtor | ) |

**MEMORANDUM OPINION AND ORDER
DENYING CONFIRMATION OF PLAN**

      This matter is before the court on the objection of Gerald M. O'Donnell, chapter 13 trustee, to confirmation of a plan filed by the debtor on January 24, 2007. A hearing was held on March 28, 2007, at which the debtor was present in person and was represented by her attorney of record.[1] For the reasons stated, the court concludes that the disposable income test of § 1325(b)(3), Bankruptcy Code, has not been satisfied, and that confirmation must therefore be denied.

Background

      Diane Henderson Mitchell filed a voluntary petition in this court on October 29, 2006, for adjustment of her debts under chapter 13 of the Bankruptcy Code. After her first proposed plan was denied confirmation on January 10, 2007, she filed the plan that is currently before the court. The plan requires her to pay the chapter 13 trustee $605.00 per month for 60 months. From the payments received, the trustee would pay his own commission, $1,000.00 in attorney's fees to the debtor's attorney, priority tax claims in the amount of $6,780, and the secured claim

---

[1] In response to a letter from the court, the debtor submitted a post-hearing affidavit which the court has considered.

of an automobile finance company in the amount of $9,500 with interest at 6%. The balance of the funds would be paid pro rata to unsecured creditors, with the estimated distribution on those claims being 20 cents on the dollar. This is actually 5 cents on the dollar <u>less</u> than the debtor's initial plan. That plan, like this, required payments from the debtor of $605.00 per month. The only difference between the prior plan and this one is that the amount of the priority tax claims to be paid has been increased.

The debtor is married and has no dependent children. The schedule of current income and current monthly expenses (schedules I and J) reflects combined take-home pay of the debtor and her husband of $6,798 per month and expenses of $6,500 per month. The separate Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form 22C) filed by the debtor shows current monthly income of $11,155 and allowable deductions of $9,114. The way the debtor has filled out the form, however, she shows monthly disposable income of only $345.

<u>Discussion</u>

The purpose of chapter 13 is to enable a financially strapped debtor to repay creditors to the best of his or her ability under court protection and court supervision. Although secured and priority claims must be paid in full, unsecured debts may be paid in a compromise amount so long as the plan is proposed in good faith, the present value of what creditors receive is at least as much as they would receive in a chapter 7 liquidation, and the debtor devotes his or her "projected disposable income" for the "applicable commitment period" to payment of unsecured creditors under the plan §§ 1325(a)(3), (4), & (b)(1)(B),

Bankruptcy Code. The trustee's objection relates solely to the last requirement, commonly referred to as the disposable income test.

A.

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005) (BAPCPA), disposable income was defined simply as income received by the debtor that was "not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor" and, if the debtor was engaged in business, for necessary business expenses. Former § 1325(b)(2)(A), Bankruptcy Code. The implementation of this test traditionally centered on a review of the schedules of monthly income and expenses (schedules I and J) filed by the debtor, with the court making adjustments where the amounts shown were not substantiated or, in the case of expenses, were determined to be unreasonable, unnecessary or excessive. Such judgments were often, to say the least, highly subjective, with the result that expenses that might be allowed in one court, or by one judge of a particular court, might be disallowed by another. BAPCPA did not change this paradigm for debtors whose household income was less than the state-wide median income for a household of the same size. For above-median income debtors, however, disposable income was to be determined using the "means test" methodology implemented by BAPCPA for determining whether a debtor was eligible for chapter 7 relief. § 1325(b)(3), Bankruptcy Code. This computation begins with "current monthly income," which is an arithmetic average of the income (with certain exclusions, such as social security benefits) received in the six months preceding the filing of the bankruptcy petition. § 101(10A), Bankruptcy Code. Deducted from this are the allowances for housing, transportation, and other living expenses specified in the IRS

collection standards as well as certain additional deductions specified in the statute. § 707(b)(2)(A) and (B), Bankruptcy Code. Chapter 13 debtors are required to file a calculation on Official Form 22C of current monthly income, and if that exceeds the statewide median income for a household of the same size, a calculation of disposable income. Interim Bankruptcy Rule 1007(b)(6).

The debtor's household income exceeds the state-wide median income for a household of the same size in Virginia, and disposable income is therefore determined under § 1325(b)(3). The Form 22C filed by the debtor shows monthly disposable income of $345.00. That calculation, however, is in error, since it subtracts the retirement contributions by the debtor's husband twice, once in calculating current monthly income, and a second time as an allowable deduction from that income.[2] A corrected calculation gives monthly disposable income of $2,051:[3]

|  |  |  |
|---|---:|---:|
| Debtor's salary |  | $ 3,340.22 |
| Spouse's salary |  | $ 6,302.40 |
| Spouse's pension |  | $ 1,513.00 |
| Current monthly income for § 1325(b)(4) |  | $ 11,155.62 |
|  |  |  |
| Deductions |  |  |
| IRS National standards: food, clothing, etc. |  | $ 1,306.00 |
| IRS Local standards: housing, utilities |  | $    318.00 |
| IRS Local standards: mortgage/rental |  | $ 1,389.00 |
| IRS Local standards: vehicle operation |  | $    433.00 |
| IRS Local standards: vehicle ownership |  |  |
|   Vehicle 1 allowance | $  471.00 |  |
|   less vehicle 1 payment | $  166.00 |  |
|     Net deduction for vehicle 1 |  | $    305.00 |
|   Vehicle 2 allowance | $  322.00 |  |

---

[2] The error occurs on line 53, which requires the debtor to bring forward the figure from line 20. Instead the debtor has brought forward the figure from line 14.

[3] The court has included the statutory deduction for chapter 13 administrative expense that the debtor did not claim. See § 707(b)(2)(A)(ii)(III), Bankruptcy Code.

|  |  |  |
|---|---|---|
| less vehicle 2 payment | $ 146.00 |  |
| Net deduction for vehicle 2 |  | $ 176.00 |
| Other necessary expenses: taxes |  | $ 2,245.84 |
| Mandatory payroll deductions |  | $ 33.28 |
| Life insurance |  | $ 92.54 |
| Health care |  | $ 90.00 |
| Telecommunications services |  | $ 227.00 |
| Health insurance |  | $ 266.62 |
| Charitable contributions |  | $ 100.00 |
| Payments on vehicle 1 (Takoma) |  | $ 146.15 |
| Payments on vehicle 2 (Altima) |  | $ 165.91 |
| Payments on priority claims |  | $ 63.16 |
| Chap 13 administrative expense |  |  |
| Plan payment | $ 2,051.00 |  |
| Multiplier | 6.7% | $ 137.42 |
| Qualified retirement deductions |  | $ 1,746.74 |
| Total adjustments to disposable income |  | $ 9,104.24 |

Summary
Current Monthly Income for § 1325(b)(4)            $ 11,155.62
Total adjustments to disposable income              $   9,104.24
Disposable income                                                   $   2,051.38

Since the disposable income as calculated under § 1325(b)(3) exceeds the amount the debtor proposes to pay to her unsecured creditors under the plan, the plan fails to satisfy the disposable income test.

B.

It has not escaped the attention of courts applying the new disposable income test that the means test calculation sometimes results in a figure that is dramatically at odds with the reality of the debtor's ability to pay. Often this occurs because the starting point for the calculation—current monthly income—does not represent "current" income at all but rather the average monthly income received in the six months *preceding* the filing of the chapter 13 petition. A debtor who was unemployed for a substantial portion of that period but who now has a well-paying job, for example, will show little or nothing in the way of disposable income under the means test while the schedules I and J will show substantial surplus income with which to

make plan payments. The reverse can also occur: a debtor who has recently lost a high-paying job or who received unusual payments in the six-month period leading up to the chapter 13 filing may show disposable income that is far beyond his or her actual ability to pay. Distortions can also occur with respect to the allowed deduction from current monthly income. For example, the means test envisions a hypothetical chapter 13 scenario in which secured debts are paid in full, while the debtor's actual plan may propose to surrender the collateral or (if permitted) to bifurcate an under-secured claim into secured and unsecured components.

Courts have reacted to these distortions in a number of ways. Some have simply applied the means test calculation regardless of result on the ground that Congress must have intended what it clearly said. *See, e.g., In re Barr*, 341 B.R. 181 (Bankr. M.D.N.C. 2006); *In re Alexander*, 344 B.R. 742 (Bankr. E.D.N.C. 2006). Others have articulated various circumstances under which they would depart from the calculation when it leads to a result that was probably not what Congress envisioned. *In re Edmunds*, 350 B.R. 636 (Bankr. D.S.C. 2006) (holding that projected disposable income for above-median income debtor is not fixed by means test calculation that includes expenses that would not actually be incurred under plan, such as car payments for car to be surrendered); *Beskin v. McPherson (In re McPherson)*, 350 B.R. 38 (Bankr. W.D. Va. 2006) (projected disposable income for above-median income debtor would not include deduction for contractual payments on under-secured debt that debtors would not actually be required to pay because plan bifurcated claim or surrendered collateral).

Without attempting to enter into the debate, the court simply notes that this is not a case in which literal application of the means test to arrive at disposable income leads to a distorted result. This is not a household which received unusual payments in the six months prior to the

bankruptcy filing or has suffered a recent loss of income.  For that reason, even assuming that the court has discretion in an exceptional case to confirm a plan that does not literally satisfy the disposable income test as it applies to above-median income debtors, this is not such a case.

### O R D E R

For the foregoing reasons, it is

**ORDERED:**

1.  Confirmation of the plan filed by the debtor on January 24, 2007, is denied, with leave to file a modified plan within <u>20 days</u>.

2.  If the debtor does not file a modified plan within the time specified or take one of the other actions specified in Local Bankruptcy Rule 3015-2(H), the clerk shall enter an order dismissing the case.

3.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____   _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge

Copies to:

Diane Henderson Mitchell
13 N. Berlin Pike
Loverttsville, VA 20180
Debtor

Robert R. Weed, Esquire
Law Offices of Robert Weed
7900 Sudley Road, Suite 409
Manassas, VA 20109
Counsel for the debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee